OPINION.
RichardsoN, J.,
delivered the opinion of the court:
On the 1st day of October, 1880, the claimant Dayton filed in this court his petition alleging that the District was indebted to him in the sum of $6,505.22, balance due on a contract made between him and the defendants through the Board of Public Works, on the 25th of April, 1874, for the construction of a two-ring brick barrel-sewer on D street southeast, between Seventh and Eighth streets, and a like sewer on Seventh street southeast, between D and I streets, and a 12-inch pipe sewer on *15 Seventh street, between D and C streets, which contract was numbered 1072.
On the same day, October 1,1880, the claimant Ritchie filed his petition as assignee of said Dayton, setting forth Dayton’s contract and the alleged indebtedness of the District thereunder, with the following additional allegations:
That said contractor, in consideration of the aid of this petitioner extended to him in the execution of said contract, by large advances of money from time to time, and responsibility incurred through indorsements of notes, for the payment of laborers and the purchase of materials, transferred and assigned to your petitioner certain sums of money to become due him, said contractor, under said contract, and gave your petitioner certain powers of attorney, which were duly filed with and acknowledged by the proper officers of the said defendant, and sundry sums amounting t.o about $8,000 were paid to him, said petitioner, under the same; that by reason of the premises there is still due your petitioner under said assignments about the sum of $6,000.
That said contract No. 1072 has been wholly completed, performed, and audited, and there remains due from the defendant under its provisions about the sum of $6,000, which sum, through the assignments aforesaid, is payable by the said defendant to the petitioner, and that sundry claims of other creditors of said Dayton which were filed with the late Board of Audit were the only impediments in the way of a settlement with the petitioner, and payment to him by the defendant of the sum remaining due from the defendant on said contract; that said claims were filed after the petitioner’s rights had accrued under the assignments and power of an attorney, and were not entitled to any priority as against the rights of the plaintiff.
To eaeb of these petitions the defendants filed a plea of the general issue, denying “ each and every allegation therein contained,” and no other pleadings are of record.
The cases having been consolidated and ordered by the court to be tried together, they were, on the 25th of April, 1882, on motion of the claimant Ritchie, and with the consent of the Assistant Attorney-General, referred to a referee “to state the account between the said claimants and the District of Columbia under contract No. 1072, and to report the same back for the information of this court,” in accordance with the provisions of the Act of June 10,1880, ch. 243, § 1. (1 Suppl. Rev. Stat., 562; 15 C. Oís. R., VIII.)
On the 17th of May, 1882, the referee made his report, which, after stating an account, appears to show that the defendants are indebted to said Dayton or his assignee or assignees, as the court may determine, in the sum of $5,135.19, for work done by the claimant Dayton under contract No. 1072, and that said *16 Dayton is indebted to tlie defendants in the sum. of $8.20, by reason of an overpayment on another contract between him and the Board of Public Works, No. 968.
The referee also reports as follows:
Powers of attorney, assignments, and authorizations to collect, receive, and receipt for certificates or other evidences of indebtedness due, or to grow due, by reason of contract No. 1072, have been executed by said claimant William Dayton, in favor of the claimant William M. Ritchie, for the use of the said William M. Ritchie, Louis W. Ritchie, and Joshua A. Ritchie, as follows:
September 25, 1874. — Power of attorney to William M. Ritchie to collect $4,500.
October 8, 1874. — Assignment to William M. Ritchie of all sums which may from time to time be found dire under said contract No. 1072.
Jan. 3, 1875.. — William Dayton assigns for William M. Ritchie, for use of said Ritchie and of Louis W. and Joshua A. Ritchie, the sum of $5,000 out of any money then due, or to become due, the said Dayton, by virtue of contract No. 1072; affirms the powers of attorney previously given; and. constitutes tho.said William M. Ritchie his attorney irrevocable, with full power to receive from the Board of Audit all certificates which may have been awarded to him on measurements under the said contract, not exceeding, however, the sum of $6,000, in addition to amount already paid.
By virtue of said instruments in writing, referred to above, there is due Ritchie from Dayton the sum of $5,036.76, as appears from statements attached to No. 5 of the papers transmitted by the Commissioners of District of Columbia to your honorable court, and filed in connection with No. 96 of the above entitled causes in said court October 29, 1880.
Having thus stated the account between the District and the claimant Dayton, and between Dayton and his assignee, Ritchie, claimant in the second action, the referee goes further and sets forth that—
Other claims, aggregating $4,933.89, for materials and supplies alleged to have been furnished, and labor iierformed for the claimant [Dayton] under said contract, have been received by the defendants, and are also attached to No. 5 of the papers relating to this cause, and transmitted and filed as aforesaid.
And he gives a list, by date, name of creditor, and amount of twenty-two such claims, filed with the District authorities by persons not parties to the record in these cases, consisting of orders and bills, and one judgment against Dayton j all but two of them bearing date subsequent to the date of Dayton’s assignment to Ritchie of all sums which may from time to time be furnished under said contract No. 1072, as thereinbefore stated. ;
To so much of the report as relates to these supposed or pos *17 sible claims of persons wbo are not themselves before the court,, and whose demands, if they exist at all as outstanding claims-against Dayton, were not embraced in the order of reference,, the claimant Ritchie excepts.
In our opinion the exception is well taken.
The records of the court show, as was conceded at the hearing, that not one of the persons so named had brought an action against the District during the period allowed for that purpose by the Act of June 16,1880, ch. 243, § 2 (1 Suppl. Rev. St-at., 563; 15 O. Cls. R., IX), which expired more than two years ago, nor since that time, upon any of the claims thus specified ; and that not one of them had filed a petition to intervene and set up a claim in the pending actions instituted by Dayton and Ritchie.
That being the case, those claims were not, and could not have been, included in the reference of the Dayton and Ritchie actions, since they were not put in issue in those suits, and in point of faet had no standing in court anywhere.
Moreover, it must be inferred from the report that none of those persons appeared before the referee to prove or even assert their claims, if any they have, either against the District or against Dayton, and that the referee made no investigation into the merits of the claims to ascertain whether or not they were valid, outstanding, and unpaid demands against Dayton.
It appears that the referee, finding among the District archives orders, bills, and a judgment against Dayton, which seemed to relate to or to have grown out of the work done under the contract upon which the Dayton and Ritchie actions are instituted, was led to include them in his reports, because, as he says, he was of opinion that they were u properly chargeable to said claimants as coming within the intent and scope of the seventh paragraph of the said contract, No. 1072,” which is as follows:
It is further agreed ihat the said parties of the second part [Dayton] shall punctually pay the workmen who shall be employed by them on work under this contract in cash current, and not in what is denominated store pay, or orders; and that they will from time to time, and as often as may be required by the said party of the first part, furnish said party satisfactory evidence that all persons who have done work or furnished materials have been paid as herein required; and if such evidence is not furnished, such sum or sums as may be necessary for such payment or claim shall be retained by said party of the first part [the District] until the said claims shall be fully satisfied.
*18 But tbat contract was not made with Dayton’s workmen, but with Dayton alone. Between the former and the defendant there was no privity of contract, and the District could not be made liable at law to pay their demands against their employer unless it accepted the orders drawn upon it or in some other way promised to pay them.
It was admitted by the Assistant Attorney-General, on behalf of the defendant, at the hearing on this motion, that the District, so far as he knew, had not accepted the orders inferred to, nor directly promised to pay any of the claims, nor assumed any obligations in relation to them beyond what might possibly arise from the seventh article in Dayton’s contract before cited. He suggested, however, that as the court had protected an assignee of a claimant, on equitable principles, in the consolidated cases of Brown, Prott, Wroe, and Dickson (17 C. Cls. R., 402), the District might in some way be held liable in equity to pay the creditors of Dayton whose claims had been brought to its notice by papers filed with its officers.
But those consolidated eases, in their controlling facts, differed essentially from the present actions. There the claimants, four in all, were before the court in five separate actions, seeking to recover from the District as assignees of one Finley, the original contractor. Their respective claims were all put in issue upon the record both as against Finley and as against each other, and the court was bound to decide the issues involved both at law and in equity.
But in the present cases the persons whose names are introduced for the first time upon the record by the referee’s report are not themselves before the court. They have suffered the time to elapse in which they might have brought suits as assignees of Dayton, as did the assignees of Brown, and if they ever had any equitable claims which might have been enforced against the District and against the present clamants, Dayton and Ritchie, we cannot consider and adjudicate them upon the mere suggestion of the referee in his report.
The object of a reference in cases of this kind is that the court may have, through the investigations of the referee, in a clear and concise form, the state of the account between the parties to the' record upon the issues involved in the pleadings and specifications as they are referred to him. It is no part of the duty of a referee to introduce new claimants or to raise *19 new issues or suggest possible claims in favor of persons who have not themselves come into court to enforce them. Whenever such extraneous matter is thus introduced in a referee’s report the court will disregard it when objected to at the trial upon the merits, as not even prima facie evidence for or against either party.
Whether or not the defendants might not have protected the creditors of Dayton in some form to a greater or less extent, under the seventh article of the contract, if they had chosen to avail themselves of its provisions and had assumed the burden of endeavoring to settle conflicting claims in which they had no interest, it is not necessary here to determine, since the report, in connection with the pleadings and record, does not raise any issue which requires us to express an opinion on that subject.
The exceptions set forth in the motion of the claimant Ritchie are sustained.