Richardson, Ch. J.,
delivered the opinion of the court:
The claimant in each of these consolidated cases claims under John Bardsley, who did work for the District under contract with the Board of Public Works.
The Old Dominion Granite Company of Virginia claims by virtue of an assignment made by said Bardsley August 10, 1880. The findings show that previous to that date the defendant had paid to said Bardsley not only all that was due him for work and materials, but had actually, by mistake, overpaid him to a considerable amount. Nothing, therefore, passed by the assignment, and that company has no cause of action.
The claim of Hurley is quite different, and involves a question of law. Andrew Gleason had a demand of $590 against *134 said Bardsley for work done for him in performing his contract with the District, and he filed that claim' with the District authorities.
By the terms of the contract between said Bardsley and the board of Public Works it was provided (in the usual form of the Board’s contracts) that he, said Bardsley, “ will from time to time, and as often as may be required by said party of the first part, furnish to said party satisfactory evidence that all persons who have done work or furnished materials have been paid as herein required. And if such evidence is not furnished, such sum or sums as may be necessary for such payment or claims shall be retained by said party of the first part until the said claim shall be fully satisfied.”-
In stating the account between Bardsley and the District, November 29, 1874 (finding iii) the assistant engineer noted, "Hold amount involved in charges of McNamara, Baum, Gleason, and Woolly, as per charges book, $1,965,” and he was paid the balance after making that deduction.
Subsequently it appeared that there was an overpayment of much more than the amount of this deduction, so that in point of fact nothing was held back, and nothing remains due on Bardsley’s contract.
In 1872 Bardsley presented to the Board of Audit a bill of items in which was included tbe claim of Andrew Gleason, and the same was rejected by the board.
This court has no jurisdiction of claims rejected by the Board of Audit. (Act of June 13,1880, ch. 243, § 8 ; 1 Supplement to Bev. Stat., 562.)
March 20,1883, Andrew Gleason assigned his claim to the present claimant, Hurley.
The question is whether Gleason ever had a claim which he could enforce against the District. We think not. The provision in the contract with Bardsley that if he did not furnish evidence that all persons who had done work or furnished materials had been paid, then such sums as might be necessary for such payment should be retained by the defendant until said claims should be fully satisfied, was a contract only between him and the District, to which neither Gleason nor any other workman was a party. The defendant might waive it and pay the contractor in full, or might retain the money until the contractor paid his workmen. It was optional with the District to take either course. The workmen acquired no rights *135 by virtue of tbe provision to compel the District to pay them out of money due the contractor.
It would be an unreasonable construction to give to the contract that the defendant intended to make itself liable to suits by all the contractor’s workmen whom he neglected to pay. There is no express agreement to that effect, and none can be implied from its language.
That Gleason filed his claim with the District authorities, and the engineer noted it on Bardsley’s account, did not create a contract with Gleason on the part of the defendant. The latter might have held and retained that amount from the money due Bardsley until he furnished evidence of the payment of the claim, but it did not subject itself to suit with Bard-sley’s creditors, and thus take upon itself-any controversies between those parties or any defenses which might be raised against the validity of the claim. (Dayton’s Case, 18 C. Cls. R., 13.)
It was not until March, 1883, more than seven years after Bardsley had been fully paid, and more than eight years after the Board of Audit had rejected tbe claim of Gleason presented by Bardsley, that Gleason assigned the same to the present claimant, Hurley.
The judgment of the court is that the petition in each case be dismissed.